IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON CROZIER, § | |
| TDCJ-CID NO. 1576713, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-13-2744 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Criminal Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

On September 17, 2013, Brandon Crozier, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") challenging the revocation of his parole (Docket Entry No. 1). Pending before the court is Respondent's Motion to Dismiss with Brief in Support ("Motion") (Docket Entry No. 12). For the reasons stated below, the court will grant Respondent's Motion and dismiss Crozier's Habeas Petition.

I. **Factual and Procedural Background**

On April 16, 2009, Crozier pleaded guilty to burglary of a habitation and two counts of felony D.W.I. in the 216th District

Court of Gillespie County, Texas.[1] Crozier was sentenced to five-year prison terms for each offense, the terms of the sentences to run concurrently.[2] Crozier's present action does not challenge the validity of any of his convictions.[3]

On October 11, 2010, the Texas Department of Criminal Justice ("TDCJ") released Crozier to parole.[4] On four occasions the Parole Division issued a pre-revocation warrant of arrest for Crozier.[5] After the fourth pre-revocation warrant was issued, the parole board revoked Crozier's parole.[6] Crozier was returned to TDCJ's custody.[7] As part of the revocation of parole, Crozier's street-time credit of 7 months and 17 days (from 8/31/2912 to 4/18/2013) was forfeited.[8] "Street-Time credit refers to the calendar time a person receives towards his sentence for days spent on parole or

---

[1] Judgment and Sentence, Plea of Guilty, Exhibit A to Motion, Docket Entry No. 12-2, pp. 2, 5, 8. Page citations to state court trial documents, including the record and state court orders, are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document. Page citations to the federal briefs are to the native page numbers at the bottom of the page in the documents.

[2] Id.

[3] Habeas Petition, Docket Entry No. 1, p. 2.

[4] Affidavit of Charley Valdez, Exhibit B to Motion, Docket Entry No. 12-3, p. 3.

[5] Id.

[6] Id.

[7] Id.

[8] Id.

mandatory supervision." Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

Following the revocation of Crozier's parole, Crozier filed this Habeas Petition under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Crozier claims that the parole board's decision resulted in extended confinement beyond his initial sentence in violation of both the Ex Post Facto Clause and the Due Process Clause.[9] The Respondent argues that all of Crozier's claims are unexhausted.[10]

## II. **Analysis**

### A. **Exhaustion**

The AEDPA provides that an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the state's courts. 28 U.S.C § 2254(b)(1)(A),(C). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986). A Texas prisoner satisfies the exhaustion requirement when the substance of the federal claims have been fairly presented to the state's highest court by filing either (1) a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of

---

[9]Habeas Petition, Docket Entry No. 1, pp. 6-7.

[10]Id.

Criminal Appeals; or (2) a state petition for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); Sones v. Hargett, 61 F.3d 410, 414-15 (5th Cir. 1995); Richardson v. Procunier, 762 F.2d 429, 430-32 (5th Cir. 1985). Habeas petitioners are not required to pursue both avenues of relief to meet the exhaustion requirement. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

**B.   Analysis of Crozier's Unexhausted Claims**

The court understands the Petitioner to assert three specific grounds for relief:

(1) Revoking Crozier's parole and the forfeiture of his street-time applies retroactively to Crozier's sentence and constitutes and Ex Post Facto Law;

(2) The Parole Board violated Crozier's due process rights by denying him the opportunity to attend his parole revocation hearing;

(3) The Parole Board violated Crozier's due process rights by changing the location of his parole hearing without notification.

The court is unable to test the merits of Crozier's claims until he has presented them to the highest court in Texas through (1) a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) a state petition for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Sones, 61 F.3d at 414-15; Richardson, 762 F.2d at 430-32. Respondent argues

that none of Crozier's claims have been presented to Texas courts.[11] In Crozier's petition he acknowledges that he did not challenge his parole revocation in any state court.[12] Respondent's Motion to Dismiss will therefore be granted.

### III. Certificate of Appealability

Although Crozier has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA Crozier must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Williams v. Puckett, 283 F.3d 272, 277 (5th Cir. 2002). To make such a showing Crozier must demonstrate that the issues are debatable among reasonable jurists, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). For the reasons stated in this Memorandum Opinion and Order, Crozier has not made a substantial showing of a denial of a constitutional right. The court will therefore deny a COA in this action.

---

[11]Motion, Docket Entry No. 12, pp. 1, 3-5.

[12]Habeas Petition, Docket Entry No. 1, p. 5, question 14.

## IV. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Stephens's Motion to Dismiss with Brief in Support (Docket Entry No. 12) is **GRANTED**.

2. Crozier's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 28th day of May, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE